# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **EULALIA SORIANO CHAVARRIA,**<br><br>***Petitioner*,**<br><br>**v.**<br><br>**WARDEN, EL PASO SERVICE PROCESSING CENTER; MARY DE ANDA-YBARRA, FIELD OFFICE DIRECTOR FOR EL PASO IMMIGRATION AND CUSTOMS ENFORCEMENT; LANCE SCHROYER, DIRECTOR OF IMMIGRATION AND CUSTOMS ENFORCEMENT; MARKWAYNE MULLIN, SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY; AND TODD BLANCHE, ACTING ATTORNEY GENERAL OF THE UNITED STATES,**<br><br>***Respondents*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 3:26-CV-01895-LS** |

**ORDER DISMISSING CASE**

Petitioner Eulalia Soriano Chavarria seeks a writ of habeas corpus ordering a bond hearing or her release from immigration custody during removal proceedings. Petitioner claims that refusal to hold a bond hearing violates her Due Process rights.[1] Respondents concede that she may request a bond hearing under 8 U.S.C. § 1226,[2] but an immigration judge took no action in her first bond hearing,[3] "allowing the Petitioner to refile for a bond hearing at a later date if [she] wished."[4] The government has not denied bond or refused a bond hearing, and the Board of Immigration Appeals

---

[1] *See* ECF No. 1 at 8–11.
[2] *See* ECF No. 3 at 1.
[3] ECF No. 3-1 at 1.
[4] ECF No 3 at 2.

has not reviewed any decision. Therefore, Petitioner has not exhausted her administrative remedies,[5] and the issue of whether denying bond or refusing a bond hearing would violate Due Process is not ripe for review.[6] The Court accordingly **DISMISSES** this action without prejudice.

**SO ORDERED**.

**SIGNED** and **ENTERED** on August 14, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[5] *See Lee v. Gonzales*, 410 F.3d 778, 786 (5th Cir. 2005) ("[A] petitioner must exhaust available avenues of relief and turn to habeas only when no other means of judicial review exists.").

[6] *See Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) ("[A] case is not ripe if further factual development is required.").